**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff | * | |
| v. | * | Case No.: RWT 08cv1900 |
| **20644 COLTON POINT ROAD, AVENUE, MARYLAND 20609** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On July 18, 2008, the United States of America brought this action seeking forfeiture of the Defendant real property, 20664 Colton Point Road, Avenue, Maryland, 20609 ("Defendant Property") pursuant to 21 U.S.C. § 881(a)(6) & (7) because the property was allegedly used and was intended to be used to commit and to facilitate the violation of 21 U.S.C. § 841. *See* Paper No. 1. Gertrude E. Young, one of the owners of the Defendant property, filed an answer to the complaint asserting a defense of innocent owner as defined in 18 U.S.C. § 983(d) as well as a defense of lack of subject matter jurisdiction. *See* Paper No. 4.

On November 10, 2009, the Court granted the Motion to Withdraw Appearance filed by Bruce L. Marcus and directed that, within fifteen days of the date of the order, Ms. Young notify the Court of her intention to proceed *pro se* or that her new counsel enter his or her appearance. *See* Paper No. 20. Ms. Young failed to file a response.

On November 30, 2009, Plaintiff United States of America filed a Motion for Summary Judgment. *See* Paper No. 22. Two weeks later, the Clerk of Court sent a letter to Ms. Young informing her that Plaintiff had filed a dispositive motion which could result in the entry of

summary judgment against her. *See id.* at 1. Despite the warning, Ms. Young still filed no response.

The unopposed Motion for Summary Judgment, as well as the exhibits attached thereto, make clear that Defendant Property should be forfeited to the United States of America. Because there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006), the Court, by separate Order, shall grant summary judgment in favor of Plaintiff and against Defendant.

A separate Order follows.


<u>March 4, 2010</u>                             /s/
Date                                     Roger W. Titus
                                         United States District Judge